UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELISSA H.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 2:19-CV-852-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for a period of disability and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide germane reasons for giving minimal weight to Ms. Amanda Allender's opinion, and when she failed to provide specific, legitimate reasons supported by

substantial evidence for giving minimal weight to the opinions of Drs. Sue Romanick and Marcia Jordan. Had the ALJ properly considered these opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 17, 2015, Plaintiff filed an application for DIB, alleging disability as of March 6, 2013, through March 31, 2014. *See* Dkt. 8, Administrative Record ("AR") 18, 20. The application was denied upon initial administrative review and on reconsideration. *See* AR 18. A hearing was held before ALJ Laura Valente on November 7, 2017. *See* AR 18. In a decision dated May 30, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 18; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the opinions of Ms. Allender and Drs. Romanick and Jordan; (2) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and (3) failing to provide germane reasons for rejecting the testimony of Plaintiff's husband. Dkt. 10, pp. 3-16.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ failed to provide germane reasons for rejecting Ms. Allender's opinion and failed to provide specific and legitimate reasons for rejecting Drs. Romanick's and Jordan's opinions. Dkt. 10, pp. 3-16.

A.  Ms. Allender

Plaintiff contends the ALJ failed to provide germane reasons for rejecting Ms. Allender's opinion.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the

reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

Ms. Allender, Plaintiff's treating registered nurse practitioner, completed a medical opinion form for Plaintiff's private life insurance company on March 29, 2013. AR 803. On the form, Ms. Allender indicated Plaintiff's diagnoses were spondyloarthropathy and plantar fibromatosis. AR 803. Ms. Allender opined Plaintiff had swelling and pain in a part of her brain (specifically in her middle cerebellar peduncle bilaterally), bilateral plantar fasciitis, severe pain in her bilateral plantar fascia, pain in cranking her subtalar joints, and tenderness in her metatarsophalangeal joints (both joints found in the feet). AR 803. She further opined Plaintiff should not stand over 30-60 minutes and should not lift over 25 pounds. AR 803. The ALJ discussed Ms. Allender's opinion and gave it minimal weight:

> I give minimal weight to these statements when determining the claimant's functional capacity between March 2013 and her DLI [date last insured]. (1) These statements were given in the form of recommendations rather than objective assessments. Ms. Allender does not have documented examinations of the claimant in March 2013 or June 2013. Instead, her examinations of the claimant in May 2013 and July 2013 found normal strength, no extremity swelling or tenderness, no spinal tenderness, and positive fibromyalgia tender points. (2) These examination findings are insufficient to support a conclusion of disability, particularly when the claimant's fibromyalgia was concurrent with gainful fulltime employment leading up to her alleged onset date.

AR 27 (citations omitted) (numbering added).

First, the ALJ discounted Ms. Allender's opinion because it was given in the form of a recommendation. AR 27. An ALJ need not account for a physician's observations which are couched as recommendations rather than statements of the claimant's functional capacities. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691 (9th Cir. 2009); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1166, 1165 (9th Cir. 2008). But the ALJ "must do more

than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421.

Here, the ALJ's decision is inconsistent with the record. The ALJ did not reference the private insurance medical opinion form as part of her analysis of Ms. Allender's opinion. *See* AR 803. Instead, the ALJ focusses on a letter Ms. Allender wrote on the same day she filled out the medical opinion form, which "recommend[s] that [Plaintiff] stay off her feet for long periods of time which may necessitate staying home from work." AR 783. However, on the same day Ms. Allender wrote the letter, she also wrote on the private insurance medical opinion form that Plaintiff should not stand for longer than 30-60 minutes and should not lift over 25 pounds. AR 803. This is an opined limitation on Plaintiff's abilities which should have been considered by the ALJ and is not merely a recommendation. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). Further, the medical form Ms. Allender completed included that the response "[l]ist all restrictions and/or limitations *based on medical findings*" (emphasis added). *See* AR 803. This underscores that Ms. Allender based her opinion on medical findings. These medical findings can be found throughout Ms. Allender's treatment history with Plaintiff, as discussed below. Thus, because the ALJ did not consider the private insurance medical opinion form, the ALJ's first reason for discounting Ms. Allender's opinion is not germane.

Second, the ALJ discounted Ms. Allender's opinion because it has no support from the exam findings she administered around the same time. AR 27. It is error for the ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Gallant*, 753 F.2d at 1456. Here, although the ALJ is correct that the May and July 2013 exams found no extremity swelling or tenderness,

and no spinal or pelvic tenderness in the May 2013 opinion. But, there is also medical evidence the ALJ failed to consider that supports Ms. Allender's opinion that Plaintiff should not stand for more than 30-60 minutes and should not lift more than 25 pounds. For example, Ms. Allender found tenderness in Plaintiff's pelvis and Achilles tendon as well as bilateral plantar fascia tenderness after conducting a physical exam of Plaintiff in June 2013. AR 891. Ms. Allender opined similarly after a physical exam of Plaintiff in July 2013, also including Plaintiff had spinal and pelvic tenderness, as well as tenderness in 16 of the 18 fibromyalgia points. AR 911. Although the May 2013 physical exam administered by Ms. Allender revealed normal strength and no extremity swelling or tenderness and no spinal or pelvic tenderness, it did show tenderness in all 18 fibromyalgia tender points, as well as bilateral plantar fascia tenderness. AR 920. These findings could reasonably support Ms. Allender's opinion that Plaintiff should not stand for longer than 30-60 minutes or lift more than 25 pounds. The ALJ failed to consider this medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 1996) ("The ALJ must consider all medical opinion evidence."); *see also* 20 C.F.R. § 404.1527(b) and (c); *Flores v. Shalala*, 49 F.3d 562, 570-571 (9th Cir. 1995) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-1395 (9th Cir. 1984)) (The ALJ "may not reject 'significant probative evidence' without explanation.").

The ALJ also finds it persuasive that Plaintiff's "fibromyalgia was concurrent with gainful fulltime employment leading up to her alleged onset date." AR 27. This reasoning is faulty for two reasons. First, Plaintiff's work history prior to the alleged onset date is of limited probative value. *See*, *e.g.*, *Carmickle*, 533 F.3d 1155 at 1165; *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) ("[W]e caution that the critical date is the date of *onset* of disability…") (emphasis in original). The ALJ provided no analysis on why Plaintiff's

work history prior to her alleged onset date contradicts Ms. Allender's opined limitations. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Second, Social Security Administration rulings recognize "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6; *see also Brosnahan v. Barnhart*, 336 F.3d 671, 672 n. 1 (8th Cir. 2003) (fibromyalgia causes "long-term but variable levels of muscle and joint paint, stiffness, and fatigue"). The ALJ failed to consider the inconsistent nature of fibromyalgia and the irregularity of its symptoms. For instance, the ALJ does not address that Plaintiff's fibromyalgia may not have flared while she was engaged in her fulltime employment prior to her alleged onset of disability, but it could still have flared after her onset of disability, potentially causing debilitating pain. Thus, the ALJ's second reason for discounting Ms. Allender's opinion is not germane.

Accordingly, the ALJ erred in failing to provide germane reasons for discounting Ms. Allender's opinion.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

1   The RFC limited Plaintiff to light work. AR 22. Although the limitation of light work
2   accounts for Ms. Allender's opinion that Plaintiff should not lift more than 25 pounds, it does not
3   include any standing limitations. As Ms. Allender found Plaintiff should not stand for more than
4   30-60 minutes, the ultimate disability decision would have changed if Ms. Allender's opinion
5   was given great weight. *See Molina*, 674 F.3d at 1115-1117. Therefore, the ALJ's error is not
6   harmless and the ALJ is directed to reassess Ms. Allender's opinion on remand.

B.  Dr. Romanick

Plaintiff contends the ALJ erred by failing to provide specific and legitimate reasons for rejecting the opinions of treating rheumatologist Dr. Romanick. Dkt. 10, p. 10.

In April 2013, Dr. Romanick saw Plaintiff and noted a deformity in her left foot and tenderness in a bunionette on her right foot. AR 924. Dr. Romanick listed Plaintiff's diagnoses as pain in joints involving her ankle and foot, plantar fascial fibromatosis, spondylosis, and degenerative disc disease. AR 924-925. She reviewed x-rays that showed bony spurs at Plaintiff's ankles/heels, as well as an MRI from 2010 that showed degenerative disc disease. AR 925. After this visit, Dr. Romanick said "[g]iven [the] plethora of symptoms along with abnormal x-rays and tenderness on exam, I feel [Plaintiff] is not yet ready to return to work." AR 925. In September 2014, Dr. Romanick saw Plaintiff and noted her diagnoses were spondylosis, plantar fasciitis, and fibromyalgia. AR 905. Dr. Romanick opined the flare in Plaintiff's fibromyalgia, caused by the stress of her cancer diagnosis and surgery, was "grounds for temporary disability." AR 905.

The ALJ discussed Dr. Romanick's April 2013 and September 2014 opinions and gave them minimal weight:

> (1) Dr. Romanick's examination of the claimant in April 2013 noted that she was sitting comfortably, that she had trouble walking on her toes but not her heels, and

that she had normal strength. It did not specify any tenderness upon examination. (2) Dr. Romanick referred to x-rays imaging of bone spurs in the claimant's heels, as well as MRI imaging from 2010 that had found degenerative disc disease of the claimant's lumbar spine. This medical evidence is insufficient to justify a total inability to work, particularly when the claimant's spinal imaging in 2010 was followed by a prolonged period of gainful employment as a pharmacy technician. Furthermore, an examination the prior day had found intact sensation, normal gait, full range of motion in her lumbar and cervical spine. She was able to heel-toe walk during this examination. (3) Dr. Romanick's examination of the claimant in September 2014 was unremarkable, with findings of normal strength and "no unusual pain behaviors." This was after not visiting Dr. Romanick for the prior thirteen months. As discussed earlier, the claimant's battle with cancer was after her DLI.

AR 26-27 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Romanick's April 2013 opinion because the examination did not specify any tenderness, Plaintiff was sitting comfortably, had trouble walking on her toes but not her heels, and had normal strength. AR 26. As mentioned above, it is error for the ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund*, 253 F.3d 1152 at 1156; *Gallant*, 753 F.2d at 1456. Here, Dr. Romanick's April 2013 exam *did* reveal tenderness, particularly in a bunionette on Plaintiff's right foot. AR 924. Dr. Romanick also stated that in her opinion, Plaintiff was not ready to return to work because of the abnormal x-ray findings and "tenderness on exam." AR 925. As the ALJ provided no analysis on these findings, the ALJ failed to consider that Plaintiff may have normal strength and be able to walk on her heels yet be unable to return to work because of her conditions. Accordingly, the ALJ's first reason for providing minimal weight to Dr. Romanick's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Romanick's April 2013 opinion because the medical evidence does not support a total inability to work. AR 26. The ALJ failed to acknowledge that, *in addition* to the x-ray results and the MRI results from 2010, Dr. Romanick based her

opinion regarding Plaintiff's ability to return to work on a "plethora of symptoms" she found after administering a physical exam, as well as on a finding of "tenderness on exam." AR 925. As Dr. Romanick based her opinion on more than the dated MRI results, the ALJ's analysis is inconsistent with the medical record. *See Gallant,* 753 F.2d 1450 at 1456. Next, the ALJ found it persuasive Plaintiff was able to work as a pharmacy technician following the 2010 MRI that revealed degenerative disc disease. AR 26. However, as discussed above, a claimant's work history prior to the alleged onset date is of limited probative value. *See Carmickle*, 533 F.3d 1155 at 1165; *Swanson*, 763 F.2d 1061 at 1065. The ALJ provided no reasoning why Plaintiff's work history prior to her alleged onset date contradicts Dr. Romanick's opined limitations. *See Blakes*, 331 F.3d 565 at 569. Even if the exam on the day before the 2010 MRI is inconsistent with the 2010 MRI results, Dr. Romanick still made two additional observations (discussed above) that led to her opinion, and the ALJ does not address these observations. Thus, the ALJ's second reason for discounting Dr. Romanick's opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted Dr. Romanick's September 2014 opinion because the exam supporting the opinion was unremarkable, finding Plaintiff had normal strength and "no unusual pain behaviors." AR 26-27. But, Dr. Romanick also noted fibromyalgia as one of Plaintiff's diagnoses, and opined it was flaring due to the stress of being diagnosed with cancer and having surgery. *See* AR 905. As noted above, "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6; *see also Brosnahan*, 336 F.3d 671 at 672. As fibromyalgia can cause good days and bad days, the ALJ failed to consider the possibility that the September 2014 exam yielded "unremarkable" findings because Plaintiff was having a "good day." *See Rohan v. Chater*, 98

F.3d 966, 970 (7th Cir. 1996) ("... ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). The ALJ also noted that Plaintiff's battle with cancer occurred after the date last insured, suggesting that the fact Plaintiff's cancer diagnosis and surgery caused a flare in her fibromyalgia has no relevance to the disability determination. "[M]edical evidence of an applicant's condition after the expiration of insured status must be considered because it may be relevant to the earlier medical condition." *Delyria v. Shalala,* 856 F.Supp. 1432, 1442 (D. Ore. 1994) (*citing Halvorsen v. Heckler*, 743 F.2d 1221, 1225–26 (7th Cir. 1984) (finding that the ALJ's "little, if any, consideration" of medical records post-dating the claimant's date last insured mandated reversal)); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008). Here, the ALJ did not explain why Plaintiff's cancer diagnosis and surgery following the date last insured is irrelevant to her claim of disability. Accordingly, Plaintiff's cancer diagnosis and surgery may be relevant to the disability claim. Thus, the ALJ's third reason for discounting Dr. Romanick's opinion is not specific and legitimate and supported by substantial evidence.

Therefore, the ALJ erred by failing to provide specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Romanick's opinion and is directed to reassess her April 2013 and September 2014 opinions on remand.

C. Dr. Jordan

Plaintiff argues the ALJ erred in providing minimal weight to Dr. Jordan's opinions regarding Plaintiff's disability status. Dkt. 10, pp. 14-16.

Dr. Jordan, one of Plaintiff's treating physicians, noted in June 2013 that Plaintiff had joint pain, ongoing foot pain, leg and foot pain, diabetes, and other chronic pain issues. AR 451. Dr. Jordan opined Plaintiff is "disabled due to her symptoms." AR 451. In November

2013, Dr. Jordan stated that "[Plaintiff's] joint problems and foot pain make it difficult for her to walk." AR 427. She also noted Plaintiff had fibromyalgia and a tailor bunion on one of her feet. AR 427. In September 2014, Dr. Jordan opined Plaintiff's "[c]hronic joint pain, neck pain, back, feet pain, fibromyalgia… [h]as caused significant disability so she has been unable to work." AR 589. In November 2014, Dr. Jordan noted Plaintiff had spondyloarthritis and fibromyalgia with chronic joint pain. AR 585. Regarding Plaintiff's ability to work, Dr. Jordan said, "I do think she is disabled." AR 585.

The ALJ discussed Dr. Jordan's findings and gave her opinions little weight, because:

> (1) They are cursory assessments of disability based on the claimant's own reporting of symptoms. Dr. Jordan's examination of the claimant in June 2013 was unremarkable, with findings of full extremity strength, negative straight leg raises, and a lack of spinal tenderness. Her examination of the claimant in November 2013 found decreased sensation in her feet, but also intact monofilament testing of her feet. She otherwise had an unremarkable examination of her joints, and was able to get on and off the examination table without difficulty. The claimant had a similar examination of the claimant in November 2014. (2) These examination findings further indicate that Dr. Jordan's statements had minimal basis in medical evidence. Instead, these generally normal examination findings are contrary to a finding of disability, particularly with the claimant's history of gainful employment despite many of her longstanding impairments/complaints.

AR 25 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Jordan's opinions regarding Plaintiff's disability because Dr. Jordan's assessments were based on Plaintiff's subjective symptom testimony. AR 25. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d 1035 at 1041 (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). However, "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

discredit those complaints and supports [her] ultimate opinion with [her] own observations."
*Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

Here, the record does not support the ALJ's conclusion that Dr. Jordan based her opinions more heavily on Plaintiff's subjective testimony than on her own findings. Although the ALJ correctly noted Dr. Jordan had several physical exams which yielded normal results, the record also reflects abnormal findings throughout Dr. Jordan's treatments with Plaintiff. *See e.g.*, AR 446 ("Foot pain, with multiple consults and diagnoses, all of which fit her symptoms"); *see also* AR 438, 440.

Further, there is nothing in the record to show Dr. Jordan discredited Plaintiff's complaints. Instead, Dr. Jordan prescribed medication, conducted clinical interviews and physical exams, made referrals to specialists, and noted Plaintiff's diagnoses multiple times throughout the record, all of which show Dr. Jordan did not base her decisions solely on Plaintiff's subjective symptom testimony. *See* AR 427, 451, 472, 492, 585, 589. Dr. Jordan also said she "think[s] [Plaintiff] is disabled." AR 585. Additionally, Dr. Jordan noted several times Plaintiff has fibromyalgia, which "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart,* 379 F.3d 587, 590 (9th Cir. 2004). The Ninth Circuit has stated explicitly that an ALJ is not permitted to reject a treating physician's opinion regarding fibromyalgia because of a lack of supporting "objective" evidence. *Id* at 594; *see also Green–Younger v. Barnhart,* 335 F.3d 99, 108 (2d Cir. 2003). Even if Dr. Jordan did in fact base her opinions solely on Plaintiff's subjective testimony, the ALJ erred "by effectively requiring objective evidence for a disease that eludes such [objective] measurement" (alteration and quotation marks omitted)). *Id*. Thus, the ALJ's first reason for discounting Dr. Jordan's opinions

regarding Plaintiff's disability is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Jordan's opinions because the exam findings did not support her opinion. AR 26. As discussed above, although the ALJ noted that Dr. Jordan had several physical exams which yielded normal results, the record also reflects abnormal findings throughout Dr. Jordan's treatments with Plaintiff—abnormal findings which the ALJ does not discuss. *See e.g.*, AR 438, 440, 446. Thus, the ALJ's second reason for discounting Dr. Jordan's opinions regarding Plaintiff's disability status is conclusory and is not specific and legitimate and supported by substantial evidence. *See Edlund*, 253 F.3d 1152 at 1156 (it is error for the ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled). Accordingly, the ALJ erred when she failed to provide specific and legitimate reasons for discounting Dr. Jordan's opinions and is directed to reassess Dr. Jordan's June 2013, November 2013, September 2014, and November 2014 opinions on remand.

Plaintiff also argues Dr. Jordan's medical source statement she submitted to the Appeals Council on August 22, 2018 is new and material evidence that undermines the ALJ's decision. This Court has found remand is appropriate in this case. On remand, Plaintiff will be allowed to submit new evidence. Accordingly, the Court directs the ALJ to consider Dr. Jordan's August 22, 2018 medical source statement on remand.

**II.    Whether the ALJ erred in assessing Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff asserts the ALJ failed to offer clear and convincing reasons for rejecting her subjective symptom testimony. Dkt. 10, p. 3. Plaintiff also asserts the ALJ failed to offer germane reasons for rejecting the lay witness testimony of Plaintiff's husband, Matthew Pike. Dkt. 10, pp. 16-17. The Court concludes the ALJ committed harmful error in assessing the

opinions of Ms. Allender and Drs. Romanick and Jordan and must re-evaluate these opinions on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony and Mr. Pike's testimony, the ALJ must reconsider both Plaintiff's testimony and Mr. Pike's testimony on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 19th day of December, 2019.

David W. Christel
United States Magistrate Judge